JANVIER, Judge.
This is a suit for a balance alleged to be due on an open account. It was filed on March 10, 1949. Citation was served on defendant on March 29, 1949. In the petition it is alleged that the articles shown on the open account were sold and delivered between July 31, 1945 and January 3, 1946, and plaintiff, realizing that the prescription of three years would be pleaded unless it could be shown that there had been an interruption of prescription, made the following allegation: “That on or about December 20, 1946, the said defendant, in lieu of cash, made a payment on said account by manually handing to the plaintiff herein an Omega watch, which the plaintiff herein accepted for a credit on said bill in the amount of Thirty-five and no/100 ($35.00) Dollars, thus leaving the amount due and owing of One Hundred thirty-four and 3/100 ($134.03) Dollars, as aforesaid.”
Defendant immediately pleaded prescription of three years. At the same time, in *122 his answer, defendant averred that some of the merchandise sold had been defective and did not meet the terms of an alleged guaranty, and therefore, in the alternative that the plea of prescription should be overruled, he denied liability. By recon-ventional demand, defendant then averred that on or about December 20, 1946, he sold to plaintiff a wrist watch for which plaintiff agreed to pay $35 in cash, and that the said $35 had never been paid. He therefore prayed for judgment in reconvention for $35, with legal interest from December 20, 1946.
From a judgment in favor of plaintiff for the amount sued for, $134.03, defendant, plaintiff in reconvention, has appealed.
The plea of prescription of three years is based on Article 3538 of the Civil Code which provides in part as follows:
“The following actions are prescribed by three years:
******
“That on account of merchants, whether selling for wholesale or retail. * * * ”
It is evident that unless there was an interruption of the running of prescription, the application of that article would defeat plaintiff’s claim.
On the question of whether or not there was an interruption, the issue is solely one of fact. Was the transaction which involved the watch one in which the defendant was to be given credit on the account for the value of the watch, which it was agreed was $35, or was that transaction one in which the watch was sold to plaintiff and for which he agreed to pay $35 in cash? If the watch was to be credited on the account, then it seems clear that the result was a payment on account with the resulting acknowledgment of the original debt, and consequently an interruption of the accrual of prescription.
There is no denial of the fact that when the transaction which involved the watch took place on December 20, 1946, the account which is here sued on was almost one year in arrears, and it is not disputed that the purpose of plaintiff’s visit to defendant’s establishment in New Orleans was his attempt to collect that past due indebtedness.
Defendant admits that plaintiff came to his establishment in an effort to collect the past due indebtedness and that when he was there they discussed the watch and agreed that its value was $35.
It seems absurd that plaintiff would have gone to defendant’s establishment to collect a bill which was almost one year past due, and, on failing to collect the bill, would have agreed to buy the watch from the plaintiff and to pay him $35 in cash for that watch.
There is nothing whatever in the record to corroborate defendant’s version of the transaction, except the fact that when counsel for plaintiff first wrote to defendant, in an effort to collect the bill, he set forth the amount of the bill as $169.03, instead of $134.03, and did not mention the credit of $35 which should have been allowed. Counsel explains this by saying that when plaintiff called on him at his law office and told him that he was leaving for California, he mentioned something about a watch but that counsel overlooked it when he wrote defendant demanding payment.
We are satisfied from the record that that is what occurred and that, as a matter of fact, when the watch was delivered to plaintiff by defendant it was with the understanding that the value thereof, $35, would be credited on the admitted indebtedness.
The defense that some of the merchandise was defective is in no way borne out by the record. Defendant says that he bought a great deal of merchandise from the plaintiff and that, among this merchandise, were a number of automobile tires and that two of them proved defective. In a vague way he refers to these defective tires and does not know whether they were some of those sold during the period for which this suit is brought or whether they were tires which had been included in other transactions involving about $1800 of purchases. This defense is obviously an afterthought and has no foundation in fact.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.